
# MEMO ENDORSED





MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

Afsaan Saleem
*Senior Counsel*
Tel.: (212) 788-9580
Fax: (212) 788-9776

April 16, 2008



BY HAND DELIVERY
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Jean Paul Ottley v. The City of New York, et. al.</u>, 08 CV 02994 (LAK) (JCF)

Your Honor:

    I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department. I am writing, on behalf of the City of New York, to respectfully request a 60 day enlargement of time, from April 14, 2008 to June 13, 2008, to answer or otherwise respond to the complaint and to request an adjournment of the May 9, 2008 initial conference. This request for an extension is the City's first. Plaintiff's counsel has consented to these requests.

    We seek this extension for several reasons. In this case, the plaintiff alleges that on or about February 21, 2007, he was falsely arrested and briefly hospitalized as an emotionally disturbed person. Plaintiff further alleges that excessive force was used.

    A review of the docket sheet indicates that the named individual defendants, of which there are several, have not yet been served with the summons and complaint in this action. This extension should also allow plaintiff sufficient time to serve these officers.

    An extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the officers once they have been served with process. See <u>Mercurio v. The City of New York, et al.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting <u>Williams v. City of New York, et al.</u>, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

SO ORDERED
5/13/08
LEWIS A. KAPLAN, [signature]

Further, we need the additional time to investigate the allegations of the complaint in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure. It is our understanding that the records of plaintiff's underlying criminal action, including police records, District Attorney files, and criminal court files are sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution, consents and authorizations for release of those records sealed so that we can access the information, properly assess this case, and respond to the complaint.

Finally, this office respectfully requests an adjournment of the May 9, 2008 initial case management conference, as I will be on vacation that day. We request a date after defendants' response to the complaint is due. I have been advised that plaintiff's counsel is available towards the end of June as he is unavailable in July and August. As the City has just been served and cannot access documents without a §160.50 release, the defendants would not be in a position to meaningfully engage in discussions regarding the progress of the case and the scheduling of discovery proceedings. Adjourning the conference to a date after defendants' have responded to the complaint will allow the defendants to meaningfully participate at the conference. By that time, the plaintiff's should have provided a §160.50 release and we should have had the opportunity to obtain the criminal court file, District Attorney file, and police documents.

We thank the Court for its consideration of these requests.

Respectfully submitted,

Afsaan Saleem
Senior Counsel
Special Federal Litigation Division

cc:   BY FAX
      Carmen S. Giordano, Esq.
      Law Office of Carmen S. Giordano
      225 Broadway, 40th Floor
      New York, NY 10007
      (212) 406-9410