UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JEAN PAUL OTTLEY,

                                    Plaintiff,

               -against-

THE CITY OF NEW YORK, P.O. DOMINICK M.
NASSO, P.O. JOSEPH REDMOND, SGT. SCOTT
KIENLE, ESU P.O.'S STOSCH, PENNYU,
HAYDEN & MOYER & EMT DENNIS
MACHTEL,

                                 Defendants
-------------------------------------------------------------------X

**ANSWER**

08 CV 2994  (LAK)(JCF)

JURY TRIAL DEMANDED

        Defendants City of New York, Dominick Nasso, Joseph Redmond and Scott Kienle, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the Complaint.

        3.  Deny the allegations set forth in paragraph "3" of the Complaint.

        4.  Deny the allegations set forth in paragraph "4" of the Complaint.

        5.  Deny the allegations set forth in paragraph "5" of the Complaint.

        6.  Deny the allegations set forth in paragraph "6" of the Complaint.

        7.  Deny the allegations set forth in paragraph "7" of the Complaint.

        8.  Deny the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

9.   Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that no payment has been made by the City of New York.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that a Summons and Complaint was filed within one year and 90 days of February 21, 2007.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Paragraph "13" contains conclusions of law to which no response is required, except admit that defendants Nasso, Redmond, Kienle, Stosch, Pennyu, Hayden, Moyer, and Machtel are employed by the City of New York.

14. Paragraph "14" contains conclusions of law to which no response is required, except admit that the City of New York is a municipal corporation.

15. In response to the allegations set forth in paragraph "15" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-15" inclusive of this answer, as if fully set forth herein.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. In response to the allegations set forth in paragraph "19" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-19" inclusive of this answer, as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. In response to the allegations set forth in paragraph "23" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-23" inclusive of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. In response to the allegations set forth in paragraph "27" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-27" inclusive of this answer, as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-31" inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. In response to the allegations set forth in paragraph "35" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-35" inclusive of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-39" inclusive of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. In response to the allegations set forth in paragraph "42" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-42" inclusive of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. In response to the allegations set forth in paragraph "45" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-45" inclusive of this answer, as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

48. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

49. At all times relevant to the acts alleged in the complaint, the duties and functions of defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

50. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

51. Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

52. Plaintiff's claims may be barred, in whole or in part, for plaintiff's failure to comply with New York General Municipal Law §§ 50-e and 50-i.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

53. There was probable cause for the plaintiff's arrest, detention, and prosecution.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

54. Plaintiff provoked any incident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

55. Plaintiff's claims may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

56. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

57. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

58. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AND AS FOR A TWELFTH AFFIRMATIVE DEFENSE:**

59. Defendants Redmond and Kienle were not personally involved in the allegations set forth in the Complaint.

**AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

60. Defendants Nasso, Redmond and Kienle are entitled to qualified immunity.


**WHEREFORE**, defendants City of New York, Nasso, Redmond and Kienle request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            May 13, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                        City of New York
                        Attorneys for Defendants City of New York, Nasso,
                        Redmond & Kienle
                        100 Church Street
                        New York, New York 10007
                        (212) 788-9580

By:  /s/ _____
Afsaan Saleem
Senior Counsel


TO:        Carmen S. Giordano, Esq. (By ECF)

Index No.  08 CV 2994  (LAK)(JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN PAUL OTTLEY,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. DOMINICK M.
NASSO, P.O. JOSEPH REDMOND, SGT. SCOTT
KIENLE, ESU P.O.'S STOSCH, PENNYU,
HAYDEN & MOYER & EMT DENNIS
MACHTEL,

Defendants

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Afsaan Saleem*
*Tel:  (212) 788-9580*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................. , 2007..*

*........................................................................ Esq.*

*Attorney for ...............................................................*