UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JEAN PAUL OTTLEY,

                              **AMENDED COMPLAINT**

                **Plaintiff,**

      - against -

**THE CITY OF NEW YORK,**                   **PLAINTIFF DEMANDS**
**P.O. DOMINICK M. NASSO, P.O. JOSEPH**   **A TRIAL BY JURY**
**REDMOND, SGT. SCOTT KIENLE,**
**ESU DETECTIVES DANIEL SPRAGUE,**       **08 cv 2994 (LAK)**
**MARTIN STALLONE, TYRONE TILLMAN &**
**SCOTT CASPER,**

                **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff, by his attorney, CARMEN S. GIORDANO, complaining of Defendants, respectfully allege:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et. seq*. for an incident of police brutality, assault and battery, false arrest, malicious prosecution, conspiracy to deprive Plaintiff of and the deprivation of protected rights, including rights under the Fourth, Sixth and Fourteenth Amendments to the U.S. Constitution, and negligent hiring and retention, which transpired on or about February 21, 2007 prior thereto and thereafter, when law enforcement officers employed by THE NEW YORK CITY POLICE DEPARTMENT falsely arrested, used excessive force, assaulted, battered, wrongfully detained, arrested and maliciously prosecuted Plaintiff JEAN PAUL OTTLEY in Kings County Criminal, New York.

      2.     On February 21, 2007, at approximately 8:50 p.m. in the vicinity of East 45th Street and Church Avenue, Kings County, State of New York, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE stopped Plaintiff without probable cause or justification, assaulted, beat and falsely arrested Plaintiff as he was peacefully

and lawfully walking along the sidewalk at and around the aforementioned location.

3. After Plaintiff was accosted and attacked as described, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE handcuffed Plaintiff, ridiculed him and transported him to the 67 Precinct, having no legal basis to take him into custody, refusing to provide their names or shield numbers, and telling Plaintiff he was "not under arrest."

4. At the 67 Precinct, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE further ridiculed Plaintiff, refused to tell him the reason he was being held and refused to allow him to make a telephone call.  Plaintiff then verbally refused to leave the holding cell to be fingerprinted until the officers agreed to identify themselves and until he would be provided with a reason for his arrest, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE summoned ESU police officers to the 67 Precinct in order to use force to subdue Plaintiff and complete the false arrest processing.

5. Defendants ESU DETECTIVES DANIEL SPRAGUE, MARTIN STALLONE, TYRONE TILLMAN & SCOTT CASPER thereafter arrived at the 67 Precinct, conferred with Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE who conspired to and did misinform the ESU officers regarding Plaintiff's prior conduct and condition.  Defendants ESU DETECTIVES DANIEL SPRAGUE, MARTIN STALLONE, TYRONE TILLMAN & SCOTT CASPER thereafter beat, kicked, punched, stomped on and severely injured Plaintiff, placing him in a straight jacket restraining device and removing him to Kings County Hospital.  All Defendants then conspired to lie and did lie to others, including police officers, EMT's and hospital staff, falsely stating that Plaintiff had assaulted a police

officer and was acting like an "EDP," suggesting to hospital staff that Plaintiff be given "the needle" (some type of tranquilizing medication). After Plaintiff was determined to be of sound mind by medical staff at Kings County Hospital and was treated for the physical injuries inflicted by Defendants, he was released back into the custody of Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE and officers of the 67 Precinct.

6. Thereafter, and without probable cause, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE further detained and then maliciously prosecuted Plaintiff in New York State Criminal Court, Kings County until Plaintiff was found not guilty of all charges after trial before Judge Toko Sereta in BPT-1 on February 20, 2008.

7. During such trial Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND, SGT. SCOTT and Defendant EMT DENNIS MACHTEL conspired to lie and lied under oath, testifying falsely about Plaintiff's conduct prior to and after his arrest, the booking process at the 67 Precinct and the manner in which Plaintiff was severely injured by Defendants at the 67 Precinct.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 in that this action arises under 42 U.S.C. §1983 *et. seq.*, and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in this District.

Additionally, all Defendants are subject to personal jurisdiction in this District.

10. Prior to the commencement of this action, and within ninety days after the instant claims arose, Plaintiff caused Notice(s) of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notices of Claim set forth the name and post office address of the Plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable. Over thirty days have elapsed since the service of such Notices of Claim and the THE CITY OF NEW YORK has failed to settle or adjust this matter.

11. This action was commenced within one year and ninety days after the causes of action herein accrued.

## THE PARTIES

12. At all relevant times, Plaintiff was a resident of Brooklyn, New York and the State of North Carolina.

13. At all times relevant hereto, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND, SGT. SCOTT KIENLE, ESU DETECTIVES STOSCH, PENNYU, HAYDEN and MOYER, and EMT DENNIS MACHTEL acted in their official capacities, and its employees, agents, or servants of the Defendant THE CITY OF NEW YORK were acting under color of state law, within the meaning of 42 U.S.C. §1983 *et. seq*.

14. Defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or

servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

**AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C. §1983 (ASSAULT AND BATTERY) BYPLAINTIFF AGAINST PO DOMINICK M. NASSO, PO JOSEPH REDMOND & SGT. SCOTT KIENLE**

15. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

16. On or about February 21, 2007, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE, acting intentionally, recklessly and/or with a deliberate indifference to the rights, life and liberty of Plaintiff JEAN PAUL OTTLEY, did intentionally place Plaintiff in apprehension of imminent harmful contact, and Defendants, in a hostile manner, and without the consent of Plaintiff, intentionally caused harmful bodily contact with Plaintiff as described herein, assaulted, battered and caused physical and mental injuries to Plaintiff.

17. As a result of the foregoing, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE, acting under color of state law, violated 42 U.S.C. §1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States and the State of New York including those rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

18. As a result of the foregoing, Plaintiff was caused to suffer bodily injury, loss of liberty, substantial physical, emotional, mental and psychological pain, and was otherwise

injured.

### AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. §1983 (FALSE ARREST) BY PLAINTIFF AGAINST PO DOMINICK M. NASSO, PO JOSEPH REDMOND & SGT. SCOTT KIENLE

19.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

20.     On or about February 21, 2007 Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff JEAN PAUL OTTLEY, falsely arrested and imprisoned Plaintiff.

21.     As a result of the foregoing, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE, acting under color of state law, violated 42 U.S.C. §1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States including those rights protected by the Fourth and Fourteenth Amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

22.     As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional and psychological pain, and was otherwise injured.

### AS AND FOR A THIRD CLAIM PURSUANT TO 42 U.S.C. §1983 (MALICIOUS PROSECUTION) BY PLAINTIFF AGAINST PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE

23.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

24. On or about February 21, 2007, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument and otherwise brought criminal charges against Plaintiff, who was criminally prosecuted therefore until Plaintiff was found not guilty of all charges and the criminal action was terminated in his favor.

25. As a result of the foregoing, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE, acting under color of state law, violated 42 U.S.C. §1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York including those rights protected by the Fourth and Fourteenth amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

26. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

**AS AND FOR A FOURTH CLAIM PURSUANT TO 42 U.S.C. §1983 (ASSAULT AND BATTERY) BY PLAINTIFF AGAINST ESU DETECTIVES DANIEL SPRAGUE, MARTIN STALLONE, TYRONE TILLMAN & SCOTT CASPER**

27. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

28. On or about February 21, 2007, Defendants ESU DETECTIVES DANIEL SPRAGUE, MARTIN STALLONE, TYRONE TILLMAN & SCOTT CASPER acting intentionally, recklessly and/or with a deliberate indifference to the rights, life and liberty of Plaintiff JEAN PAUL OTTLEY, assaulted, battered and caused physical and mental injuries to Plaintiff.

29. As a result of the foregoing, Defendants ESU DETECTIVES DANIEL SPRAGUE, MARTIN STALLONE, TYRONE TILLMAN & SCOTT CASPER, acting under color of state law, violated 42 U.S.C. §1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York including those rights protected by the Fourth and Fourteenth amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

30. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

**AS AND FOR A FIFTH CLAIM PURSUANT TO 42 U.S.C. §1983 BY PLAINTIFF AGAINST PO DOMINICK M. NASSO, PO JOSEPH REDMOND, SGT. SCOTT KIENLE and EMT DENNIS MACHTEL**

31. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32. On or about February 21, 2007 and thereafter, including during their statements provided to the NYC CCRB in June of 2007 and during the criminal trial of Plaintiff held before Honorable Judge Toko Sereta of Kings County Criminal Court between January 9, 2008 and February 20, 2008, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND, SGT. SCOTT KIENLE and EMT DENNIS MACHTEL acting intentionally and with deliberate indifference to the rights, life and liberty of Plaintiff JEAN PAUL OTTLEY, conspired to lie and commit perjury and did lie and commit perjury.

33. As a result of the foregoing, Defendants PO DOMINICK M. NASSO, PO JOSEPH REDMOND, SGT. SCOTT KIENLE and EMT DENNIS MACHTEL, acting under

color of state law, violated 42 U.S.C. §1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York including those rights protected by the Fourth and Fourteenth amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

34. As a result of the foregoing, Plaintiff was caused to suffer economic loss, loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

### AS AND FOR A SIXTH "*MONELL*" CLAIM PURSUANT TO 42 U.S.C. §1983 BY PLAINTIFF AGAINST THE CITY OF NEW YORK

35. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

36. The aforesaid conduct of the individual Defendants was occasioned and conducted pursuant to, and was the result of, the unconstitutional customs, usages, practices and/or policies of Defendant THE CITY OF NEW YORK, including a failure to train, supervise, and discipline the individual Defendants herein; racial profiling techniques used generally by Defendant's agents and specifically by Defendant's anti-crime officers; and, due to the deliberate and unconstitutional supervisory actions of Defendant SGT. SCOTT KIENLE.

37. As a result of the foregoing, Defendant THE CITY OF NEW YORK, in violation of 42 U.S.C. §1983, thereby deprived Plaintiff of rights secured by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments to the U.S. Constitution and laws of the State of New York.

38. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, and was

otherwise injured.

### AS AND FOR A SEVENTH STATE CLAIM FOR ASSAULT AND BATTERY BY PLAINTIFF AGAINST DEFENDANTS THE CITY OF NEW YORK, PO DOMINICK M. NASSO, PO JOSEPH REDMOND, SGT. SCOTT KIENLE, ESU DETECTIVES DANIEL SPRAGUE, MARTIN STALLONE, TYRONE TILLMAN & SCOTT CASPER

39. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40. As a result of the foregoing, Defendants intentionally placed Plaintiff in apprehension of imminent harmful contact, and Defendants THE CITY OF NEW YORK, PO DOMINICK M. NASSO, PO JOSEPH REDMOND, SGT. SCOTT KIENLE, ESU DETECTIVES DANIEL SPRAGUE, MARTIN STALLONE, TYRONE TILLMAN & SCOTT CASPER, in a hostile manner, and without the consent of Plaintiff, intentionally caused harmful bodily contact with Plaintiff as described herein, assaulted, battered and caused physical and mental injuries to Plaintiff

41. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

### AS AND FOR AN EIGHTH CLAIM FOR FALSE ARREST BY PLAINTIFF AGAINST DEFENDANTS THE CITY OF NEW YORK, PO DOMINICK M. NASSO, PO JOSEPH REDMOND AND SGT. SCOTT KIENLE

42. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

43. On or about February 21, 2007, Defendants THE CITY OF NEW YORK, PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE, acting without probable cause, intentionally and falsely arrested and imprisoned Plaintiff.

44.     As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

**AS AND FOR A NINTH CLAIM FOR MALICIOUS PROSECUTION
BY PLAINTIFF AGAINST THE CITY OF NEW YORK, PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE**

45.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

46.     On or about February 21, 2007, Defendants THE CITY OF NEW YORK, PO DOMINICK M. NASSO, PO JOSEPH REDMOND and SGT. SCOTT KIENLE, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument or otherwise brought criminal charges against Plaintiff who was criminally prosecuted therefore until such prosecution was terminated in his favor.

47.     As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empaneling of a jury to consider the merits of the

claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
June 23, 2008

Yours, etc.,

Law Office of Carmen S. Giordano
*Attorney for Plaintiff*

By: /s/
Carmen S. Giordano (CSG-3927)
225 Broadway, 40th Floor
New York, NY 10007
(212) 406-9466